UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
CASE NO. 18-60631-grs

IN RE:   JAMES HENRY TANKERSLEY &
         SUSAN RENEE FINLEY-TANKERSLEY   Chapter 13

## MOTION FOR RELIEF FROM STAY

Citizens Bank, by counsel, a creditor in the above-referenced case, moves the Court pursuant to 11 U.S.C. 362(d) for an order granting relief from the automatic stay and for an order of abandonment under 11 U.S.C. Section 554 in order that said Movant may enforce its lien against the co-debtor's real property described herein and proceed against the co-debtor for any deficiency balance owed on note 8927.

## BACKGROUND

On September 13, 2017, Citizens Bank filed a foreclosure action (Laurel Circuit Court Civil Action No. 17-CI-00778) against Sweet Hollow, LLC (co-debtor) and the Tankersleys (debtors) for their default on note 8927. Sweet Hollow, LLC was the primary obligor on the commercial note while the Tankersley were guarantors. Citizens Bank obtained a Judgment against the parties and an Order of Sale of real property owned solely by Sweet Hollow, LLC on January 26, 2018. A sale date was scheduled for May 11, 2018. On the evening before the

1

sale the Tankersleys' attorney faxed a notice of bankruptcy filing to the plaintiff.

Citizens Bank did not intend to stop the sale as Sweet Hollow, LLC, the primary obligor of the note and sole owner of the real property did not file bankruptcy. The bank interpreted the co-debtor stay of 11 U.S.C. Section 1301 as applying only to consumer debts and to individuals. See In re Saleh, 427 B.R. 415 (S.D. Ohio, 2010) and In re McCormick, 381 B.R. 594 (S.D. New York, 2008). Further, the bank did not believe the 362 stay protection extended to Sweet Hollow, LLC in this case. Id. The bank determined that neither stay applied as Sweet Hollow, LLC is a non-individual, the note is commercial and Sweet Hollow, LLC is the non-filing owner of the real property.

However, Tankersleys' counsel insisted the 362 automatic stay applied and demanded the judicial sale be cancelled. Because of the Tankersleys' position regarding the automatic stay and out of an abundance of caution the plaintiff is filing this motion to lift the automatic stay or in the alternative obtain clarification from the Court regarding the application of the automatic stay in this matter.

2

## ARGUMENT

The debtors, James Henry Tankersley and Susan Renee Finley-Tankersley, filed a petition for relief under Chapter 13 of the Bankruptcy Code in this Court on May 10, 2018. The trustee of the estate of the debtors in this case is the Hon. Beverly M. Burden.

The co-debtor is Sweet Hollow, LLC which is owned by James and Susan Tankersley.

Sweet Hollow, LLC is the primary obligor on note 8927. The debtors James Henry Tankersley and Susan Renee Finley-Tankersley guaranteed the secured loan between co-debtor Sweet Hollow, LLC and Citizens Bank with a total indebtedness at the time the petition was filed of $890,826.05. This note is secured by a real estate mortgage dated March 4, 2010. The real property is owned solely by Sweet Hollow, LLC. Presently, Sweet Hollow, LLC and the Tankersleys have defaulted in the repayment of the loan and it is not being timely repaid by any party.

The mortgage is a first and superior mortgage of record in Mortgage Book 948 Page 502 in the office of the Laurel County Court Clerk and Mortgage Book 368 Page 396 in the office of the Knox County Court Clerk.

A copy of the proof of claim filed in this case by the movant, along with a copy of the note and supporting documents establishing the movant's perfected security interest in the above described real property are attached hereto.

Subsequent to the filing of the bankruptcy petition, the Tankersleys and Sweet Hollows, LLC are in default on said loan and the note is currently over 400 days past due. The creditor last received a payment on note number 8927 on May 4, 2017 and the note is currently due for May 4, 2017. Pursuant to the terms of said note Sweet Hollow, LLC and the Tankersleys are in default on this loan by their failure to make payments. There are no set-offs or counter-claims to said debt and it is free from any charge forbidden by applicable law.

The parties have had a reasonable opportunity to redeem said property and have not done so. The interest of the movant is not adequately protected and under the circumstances the movant's interest will be irreparably harmed by the continuation of the stay.

The Tankersleys do not desire to retain the real property as evidenced by the Chapter 13 plan (Section 8). The Tankersleys request 180 days to sell the real property on a mortgage loan that is over 400 days past due. However, they do not propose to make any payments

4

during this period. Further this extension is based upon their representation they have made "contact" with a buyer and need 180 days to complete the sale. However, this is the same story the parties told the Laurel Circuit Court while this case was litigated in state court. On January 5, 2018 Laurel Circuit Court rule day, the debtors through counsel informed the Court they were attempting to sell the real property. In fact, based upon this representation Citizens Bank agreed to delay the Master Commissioner sale until May to allow Sweet Hollow, LLC additional time to sell the property. Now 150 days later the real property is no closer to being sold.

There is no equity in the property and it is not essential to the plan. During the past year the property has continued to lose value. The Court appraisal from the Laurel Circuit Court values the real property at $630,000.00. (Attached is a copy of the appraisal). The foreclosure appraisal obtained by the bank at the beginning of the foreclosure case is in the amount of $835,000.00 (Attached is a copy of the relevant portion of foreclosure appraisal). In the few months between these appraisals the real property has potentially deteriorated in value dramatically. The reason for the dramatic decrease in value is the real property is abandoned with no upkeep. Structures and wooden fences

5

have been removed and damaged with no repairs or replacements. A log home or log building on the real property has been removed. The real property is no longer a recreational facility and golf course as it is now pasture land in need of structure demolition and cleaning.

The trustee should have 14 days from the conclusion of the Meeting of Creditors to object to abandonment of the property of the estate that is the subject of the motion. If no objection or motion for extension of time is filed prior to the expiration of this 14 day period, then the property will be deemed abandoned on the 15th day following the conclusion of the Meeting of Creditors, subject to FRBP 9006(a)(1).

Based upon the foregoing the movant respectfully requests its motion for relief from stay be granted or in the alternative an order from the Court clarifying the applicability of the stay.

Respectfully Submitted,

/s/ John D. Ford
John D. Ford
Attorney for Citizens Bank
Coffey & Ford, P.S.C.
P.O. Box 247
Mt. Vernon, KY 40456
606-256-4405

## NOTICE:

Please take notice that unless a party in interest, within 14 days from the date of this motion, files a response to the motion and a request for and notice of hearing on such response, the attached order may be entered by the Court without a hearing on the motion.

## CERTIFICATE OF SERVICE:

This is to certify that a true and accurate copy of the foregoing motion and supporting documents was served on the debtors, attorney for the debtors, and the trustee, either electronically or by mailing same first class postage prepaid to the following:

Hon. Brian T. Canupp             brian@canupplaw.com

Hon Beverly M. Burden            Notices@Ch13EDKY.com

U.S. Trustee                     ustpregion08.lx.ecf@usdoj.gov

Susan Renee Finley-Tankersley
1404 Little Bull Creek Road
Woolum, KY 40906

James Henry Tankersley
1404 Little Bull Creek Road
Woolum, KY 40906

Sweet Hollow, LLC
424 Sweet Hollow Road
Corbin, KY 40701

This the 5rd day of July, 2018.

/s/John D. Ford

COMMONWEALTH OF KENTUCKY
27TH JUDICIAL CIRCUIT
LAUREL CIRCUIT COURT
CIVIL ACTION NO.: 17-CI-00778
DIVISION II

Citizens Bank                                                                  PLAINTIFF

vs.

Sweet Hollow, LLC
a/k/a Sweet Hollow Resort
Susan R. Finley-Tankersley
James H. Tankersley
Commonwealth of Kentucky
Department of Revenue
Division of Collections
Ben Hamilton and
Jessica Hamilton                                                              DEFENDANTS

## APPRAISEMENT
*** *** *** *** *** *** ***

The undersigned, disinterested to the subject matter and not related to any party herein, have been appointed and duly sworn appraisers by the Master Commissioner of the Laurel Circuit Court to appraise the property described in the Notice of Sale, and do appraise said property at the sum of:

$620,000.00

GIVEN under our hands this 13th day of April, 2018.

_____         _____
Debbie Prewitt, APPRAISER                Darin Sizemore, APPRAISER

**COMMONWEALTH OF KENTUCKY**

**COUNTY OF LAUREL**

Personally appeared before me, a notary public in and for the State at Large **Debbie Prewitt** and **Darin Sizemore**, who acknowledge they executed the within instrument for the purpose therein contained on the date first noted above.

WITNESS my hand this 13th day of April, 2018.

# Real Estate
# Restricted Appraisal Report

Of

424 Sweet Hollow Road
Corbin, KY
Laurel County
40701



**As of:**
June 16, 2017

**Prepared For:**
Citizens Bank
P.O. Box 1078
Mt. Vernon, Kentucky
40456

**File #:**
17CAH042

**Prepared By:**
*Christopher A. Hymore*, Certified General Appraiser
Blake & Associates, LLC
Real Estate Appraisal & Consulting
P.O. Box 1117
Richmond, KY 40476

**Submitted on:**
July 31, 2017



## *Final Reconciliation and Final Value*

The purpose of this assignment is to develop and report an opinion of value for the subject property located at:

424 Sweet Hollow Road
Corbin, KY
Laurel County

The specific real property interest, real estate, and type of value have been detailed within the body of this report. The values developed by the approaches are summarized as follows:

**Concluded Values**

| | |
|---|---|
| Cost Approach to Value | $835,000.00 |
| Sales Approach to Value | Not Applicable |
| Income Approach to Value | Not Applicable |
| **Final Value Estimate** | **$835,000.00** |

The specific real property interest, real estate, and type of value are being presented in a restricted use format as outlined by USPAP Standard 2-2 on the previous page.

As summarized previously in this report only the cost approach to value was considered within this assignment and it receives 100% of the weight in the final value opinion. The cost approach, which is included within this report, had a concluded value of $915,000. It is noted that the appraiser provided a previous value in a report dated April 10, 2016, as noted previously in this report, of $990,000. There are two overriding factors associated with the drop in apparent value between the two reports,

First, it is noted that analysis within the appraisal report is based on the most current data available within the market, including land sales and listings. Based on this data, it appears the maximum land value currently supported for vacant agricultural land in the area is approximately $4,500 per acre. The subject is considered desirable within the market due to its location close to residential development, however, the market is indicating that a value slightly lower than the previously completed report is most supported. Secondly, the subject property remains inactive and there is assumed to be a lack of active maintenance and upkeep on the improvements which rapidly decreases their value as depreciation escalates quickly which can have further negative effect on value. Further, this analysis eliminated consideration of the pro-shop and duplex buildings as they have since been destroyed by the owner further reducing overall site improvement contributory value.

Therefore, based upon the analyses and conclusions held within the appraiser's work file and reported in a restricted use manner within this report, and subject to the assumptions and limiting conditions contained herein, the opinion of value, as of the date of valuation is:

**Final "As-Is" Market Value Opinion**
# **$835,000.00**